**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| EPHRAIM WEINGARTEN,<br><br>Plaintiff,<br><br>vs.<br><br>OLLIE'S BARGAIN OUTLET, INC.,<br><br>Defendant. | Civil No.: ______________________ |

**DEFENDANT OLLIE'S BARGAIN OUTLET, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Ollie's Bargain Outlet, Insc. ("Ollie's" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby gives notice of the removal of the action from the Circuit Court of Maryland for Baltimore County (the "State Court"), captioned *Ephraim Weingarten v. Ollie's Bargain Outlet, Inc.*, Case Number C-03-CV-26-003512 (the "State Court Action") to the United States District Court for the District of Maryland, Northern Division.

## I. INTRODUCTION

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 and this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, because it is a proposed class action in which the putative class is alleged to include more than 100 members, diversity exists amongst the parties, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. As set forth below, jurisdiction within the District of Maryland is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

3. On July 29, 2026, Plaintiff Ephraim Weingarten ("Plaintiff"), individually and on behalf of all others similarly situated, filed the State Court Action. Plaintiff served the Summons and Complaint on Defendant, Ollie's, by personal service on July 31, 2026. A true and correct copy of the Complaint, Summons, and additional documents that were served on Defendant are attached hereto as **Exhibit A**.

4. In Plaintiff's Complaint, styled as a class action, Plaintiff brings claims under Maryland's Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3001, *et seq*. Plaintiff alleges that Defendant violated MCEMA by sending emails "with a subject line that states or implies that a particular promotion, or a deadline to order for timely delivery or shipping, will end at a specified time, when the promotion or ordering opportunity actually continued beyond that specified end time," thereby "creating a false sense of urgency" meant to "grab the recipient's attention and induce them into immediate action to secure savings or delivery that will purportedly not be available beyond a specific window of time." (Compl. ¶¶ 25-42, 48, 81.)

5. The proposed class consists of "[a]ll Maryland residents to whom Ollie's sent, within three years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion, or a deadline to order for timely delivery or shipping, will end at a specified time, when the promotion or ordering opportunity actually continued beyond that specified end time." (Compl. ¶ 81.) Plaintiff alleges that Defendant sent numerous emails that misrepresented the duration of given promotions and identifies "no less than *ten* emails" spanning from May 21, 2026, through July 4, 2026, as purported examples of a "broader activity with regard to Named Plaintiff and the Maryland class

he represents." (*Id.* ¶¶ 25-41.)[1] Plaintiff further alleges "[t]he Subject Emails Ollie's sent to Named Plaintiff are not isolated. They are examples of a pervasive, preconceived marketing strategy in which Ollie's uses email subject lines to impose false deadlines on its sales and promotions." (*Id.* ¶ 57.)

## II. THE REQUIREMENTS FOR CAFA REMOVAL ARE SATISFIED

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which it is alleged: (1) there are at least 100 members in all proposed putative classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2) & (5). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

7. This case is removable under 28 U.S.C. §§ 1441(a) and 1453(b) because it meets the requirements of CAFA. There is no presumption against the removal of cases under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Id.* at 83–87.

---

[1] Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or the like – all of which Defendant expressly denies – or a waiver of any of Defendant's rights or defenses. Defendant reserves the right to supplement and amend this Notice of Removal.

**A. The Number of Proposed Class Members Exceeds 100**

8. The Complaint claims that the putative class "consists, at a minimum, of hundreds, if not thousands of consumers and is thus so numerous that joinder of all members is clearly impracticable." (Compl. ¶ 83.) Thus, the putative class exceeds 100 members.

**B. The Amount in Controversy Exceeds $5,000,000**

9. Under CAFA, the claims of individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591 (2013).

10. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in the Complaint, and Defendant does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by assuming judgment will issue in favor of a plaintiff on all claims made in their complaint. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'") (internal citations omitted).

11. Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005, S. Rep. 109-14, at 42 (2005); *see also Dart Cherokee*, 574 U.S. at 87 ("the amount-in-controversy allegation of a

defendant seeking federal court adjudication should be accepted when not contested by the Plaintiffs or questioned by the court").

12. Plaintiff seeks to recover, among other things, statutory damages pursuant to MCEMA of $500 per violation for Plaintiff and members of the class, which Plaintiff claims means $500 per violative email, per recipient. (Compl. ¶¶ 85(c); 108; Prayer for Relief.) Based on the allegations set forth in Plaintiff's Complaint, the amount in controversy is more than satisfied. Indeed, Plaintiff alleges there are "at a minimum" "hundreds, if not thousands of consumers," (i.e., 2,000 class members.) (Compl. ¶ 83.) Plaintiff further identifies at least ten (10) emails that he says are "violative of the MCEMA" and "represents only a part of [Ollie's] broader activity with regard to Named Plaintiff and the Maryland class he represents." (Compl. ¶¶ 41, 57.) Thus, if just 2,000 class members received the same ten (10) violative emails Plaintiff alleges to have received, the amount in controversy would be at least $10,000,000 (2,000 class members x $500/email x 10 emails). Plaintiff's estimate of "hundreds" of consumers is conservative given Ollie's public filings which report approximately 17 million loyalty members across 645 stores nationwide, including thirteen (13) stores in Maryland. Using store count as a reasonable proxy, Ollie's has approximately 342,636 Maryland members (17 million × 13 Maryland stores divided by 645 nationwide stores). Thus, even if only 3% of Ollie's estimated Maryland members received just one allegedly violative email, the amount in controversy would be at least $5,139,500 (342,636 × 3% × $500), which exceeds $5 million.[2]

[2] Notably, the class does not only include individuals who received the emails specifically identified in the Complaint, or emails from May 21, 2026 through July 4, 2026. Instead, it is broadly defined to cover any person in Maryland who received, "within three years before the date of the filing of this complaint until the date of trial," any "email with a subject line that states or implies that a particular promotion or a deadline to order for timely delivery or shipping, will end at a specified time, when the promotion or ordering opportunity actually continued beyond that specified end time." (Compl. ¶ 81.)

13. Plaintiff's request for attorney's fees under MCEMA § 14-3003, (Compl. ¶ Prayer for Relief), pushes the amount in controversy even further above the $5,000,000 minimum. *See, e.g.*, *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: (1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.") (citations and quotations omitted). Even a 10% recovery of the minimum statutory damages would put an additional $500,000 in controversy.

**C. Minimal Diversity Exists**

14. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

15. **Plaintiff's Citizenship**. The Complaint alleges that at all relevant times, Plaintiff was and is a citizen of Maryland domiciled in Pikesville, Baltimore County, Maryland. (Compl. ¶¶ 11, 105.) It also alleges that the putative class members are "[a]ll Maryland residents" who received Defendant's commercial electronic mail. (Compl. ¶ 81.)

16. **Defendant's Citizenship**.

For purposes of CAFA and removal, under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Ollie's Bargain Outlet, Inc. is a Pennsylvania corporation organized under the laws of Pennsylvania, with its principal place of business at 6295 Allentown Boulevard, Harrisburg, Pennsylvania 17112. (*Id.* at ¶ 12.) Accordingly, Defendant is a citizen of Pennsylvania and is not a citizen of Maryland.

17. There is diversity in accordance with 28 U.S.C. § 1332(d) because at all relevant times Defendant is and was a citizen of Pennsylvania, and is not and has not been a citizen of Maryland, and therefore at least one defendant is a citizen of a state different from at least one member of the putative class of plaintiffs. *See* 28 U.S.C. § 1332(d)(2)(A).

**D. No CAFA Exceptions Apply**

18. This action does not fall within any of the exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff bears the burden of proving otherwise. *See Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *Carter v. Allstate Ins. Co.*, No. 5:12-CV-72, 2012 WL 3637239, at *6 (N.D. W. Va. Aug. 21, 2012) ("A plaintiff seeking remand pursuant to a CAFA exception must prove by a preponderance of the evidence that the particular exception applies.").

## III. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

19. Venue in this Court is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending, Baltimore County.

20. This Notice of Removal is timely because it was filed within thirty days of July 31, 2026, the date on which Defendant was served the Summons and Complaint. 28 U.S.C. § 1446(b).

21. Pursuant to 28 U.S.C. § 1446(a), and Local Rule 103.5 a copy of the Summons, Complaint, and all other documents served on Defendant are attached as Exhibit A. The State Court Action docket is attached hereto as **Exhibit B**.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof are concurrently being filed with the Clerk of the Circuit Court for Baltimore County. Written notice of the filing of this Notice of Removal is being served upon

counsel for Plaintiff. A true and correct copy of the Notice to State Court of Notice of Filing Removal, without attachments, is attached hereto as **Exhibit C**.

## IV. CONCLUSION

Defendant respectfully submits that the above case now pending in the Circuit Court for Baltimore County, Maryland be removed therefrom to this Honorable Court.

Dated: August 28, 2026

Respectfully submitted,

/s/________________________

Angela D. Pallozzi
Federal Bar No. 18065
BALLARD SPAHR LLP
111 South Calvert Street, 27th Floor
Baltimore, Maryland 21202
Tel.: (410) 528-5600
Fax: (410) 528-5650
pallozzia@ballardspahr.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August 2026, a copy of the foregoing Defendant's Notice of Removal was served via CM/ECF, by consent, upon the following:

Daniel Tomascik, Esq.
Jennings & Earley PLLC
500 President Clinton Avenue
Suite 110
Little Rock, AR 72201
dan@jefirm.com

*Counsel for Plaintiff*

/s/ ____________________
Angela D. Pallozzi